

FILED
OCT - 5 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| MAZELMINTS, INC.<br>1393 Progress Way, Suite 914<br>Eldersburg, Maryland 21784<br>(Plaintiff)<br>v.<br><br>It's A Wrap LLC<br>12715 Urton Lane<br>Louisville, KY 40243<br><br>and<br><br>Jannette Burns<br>12715 Urton Lane<br>Louisville, KY 40243<br><br>(Defendants) | Civil Action No. _1:10cv1117 LO/TRJ_<br>Judge<br><br>JURY DEMANDED |

## COMPLAINT

Plaintiff, Mazelmints, Inc., complains against Defendants as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition under the Federal Trademark Act of 1946 ("The Lanham Act"), codified at 15 U.S.C. 1025 *et seq.*, as well as the laws and common law of the Commonwealth of Virginia.

## THE PARTIES

2. Plaintiff, Mazelmints Inc., is a corporation organized under the laws of the State of Maryland, and having a principal place of business at 1393 Progress Way, Suite 914, Eldersburg, Maryland 21784.

3. Upon information and belief, Defendant It's A Wrap LLC is an unlicensed company doing business in this judicial district and operating from a principal place of business located at 12715 Urton Lane, Louisville, KY 40243, and through an interactive website on the World Wide Web with a URL of www.mymint-tins.com.

4. Upon information in belief, Defendant Jannette Burns in a natural person and the sole proprietor of It's A Wrap LLC and www.mymint-tins.com with a residence address of 12715 Urton Lane, Louisville, KY 40243 and deriving revenue from conducting business in this judicial district.

## JURISDICTION

5. This Court has jurisdiction over the parties and this action pursuant to 28 U.S.C. 1338, 15 U.S.C. 1121, 28 U.S.C. 1331, the Long-Arm Statute of the Commonwealth of Virginia, and principles of pendant jurisdiction. Venue is proper under 28 U.S.C. 1391.

## GENERAL ALLEGATIONS

6. In 2002, Plaintiff, Mazelmints, Inc., through its predecessors commenced trading in the novelty gift/memento field. Plaintiff created a unique product line of decorative candy mint containers embodying certain distinctive concepts and a novel combination of decorative and non-functional elements. For example, to this day, Plaintiff employs registered and unregistered trademarks, identifying indicia, artwork of its own design, in whole and in part, for disposition on containers intended as keepsakes by the recipient. (For convenience, hereinafter, the combination of trademarks and trade

dress/decorations are collectively referred to as "Mazelmint source indicators").

7. In connection with its business, Plaintiff began to coin terms using the formative phrase "mints" for its mint tin products related to various special occasions that etiquette frequently calls for providing guests and participants keepsake items. Of particular note to the present controversy are Plaintiff's customizable mint tins for celebratory engagements, called "ENGAGEMINTS", and for special announcements, called "ANNOUNCEMINTS." These mint tins can be ordered from Plaintiff with a personalized message, special date, or even a "save the date" note and then provided to family and friends when announcing a wedding engagement, a birth announcement, or the like.

8. At least as early as August 15, 2005, Plaintiff began using the mark "ENGAGEMINTS" in interstate commerce in connection with its decorative mint tin business.

9. Plaintiff filed an intent-to-use trademark application with the United States Patent & Trademark Office ("PTO") for registration of the mark "ENGAGEMINTS" in class 6 for "metal containers used as novelty gift items" (Ser. No. 76/588957) on April 27, 2004, and a use-based application for "ENGAGEMINTS" in class 30 for "candy" (Ser. No. 77/118689) on February 28, 2007.

10. Registration for the mark "ENGAGEMINTS" in class 6 was duly and lawfully finalized with the PTO on March 7, 2006 with the issuance of U.S. Registration No. 3,066,429 (copy attached as Exhibit 1).

11. Registration for the mark "ENGAGEMINTS" in class 30 was duly and lawfully finalized with the PTO on November 27, 2007 with the issuance of U.S. Registration No. 3,343,028 (copy attached as Exhibit 2).

12. At least as early as October 1, 2005, Plaintiff began using the mark "ANNOUNCEMINTS" in interstate commerce in connection with its decorative mint tin business.

13. Plaintiff filed an intent-to-use trademark application with the PTO for registration of the mark "ANNOUNCEMINTS" in class 6 for "metal containers used as novelty gift items" (Ser. No. 76/588957) on April 27, 2004.

14. Registration for the mark "ANNOUNCEMINTS" in class 6 was duly and lawfully finalized with the PTO on April 11, 2006 with the issuance of U.S. Registration No. 3,080,214 (copy attached as Exhibit 3).

15. Plaintiff possesses exclusive rights to use its federally registered marks in commerce in connection with metal containers as novelty gift items and has continuously used its marks in commerce since 2005. Plaintiff uses appropriate notice of its exclusive rights under 15 U.S.C. §1111 by marking its products with the registered trademark symbol.

16. As a result of substantial marketing and sales, Plaintiff's registered trademarks have come to designate Plaintiff as the source of high quality products to the exclusion of others. Plaintiff has developed substantial and

valuable goodwill in these trademarks and they have become in the mind of consumers associated with Plaintiff's business.

17. Defendant Jannette Burns, upon information and belief, is a wholesaler and retailer of novelty items including mint tins and candy.

18. On information and belief, sometime in the early to mid-2009 timeframe, Defendant Burns commenced selling, *inter alia,* knock-off commemorative mint tins under the confusingly similar marks "ENGAGE-MINTS" and "ANNOUNCE-MINTS."

19. On information and belief, to advertise, help sell, and solicit orders for her infringing products, Defendant Burns created an interactive website having a URL on the World Wide Web of www.mymint-tins.com. Defendant has solicited orders and sold infringing products in interstate commerce, including sales into this judicial district.

20. Because of the identity between the Plaintiff's registered mark and Defendant's infringing mark (disregarding the hyphen), prospective purchasers are likely to be deceived, mistaken, or confused as to the source or origin of Defendant's products.

21. On August 27, 2010, Plaintiff sent a letter to Defendant Burns notifying her of Plaintiff's rights in its federally registered trademarks and demanding that Defendants cease using ENGAGE-MINTS or any confusingly similar designation in connection with her business.

22. In response, Defendant Burns claimed to have removed the mark "ENGAGE-MINTS" from her website and advertising materials. However, Defendant still

uses "ENGAGE-MINTS" and "ANNOUNCE-MINTS" in the metadata for her site such that any potential customers doing an internet search for Plaintiff's products will get a hit for Defendant's website and her infringing products. Defendant continues to refuse to remove the metadata from her website and thus continues to use "ENGAGE-MINTS" and "ANNOUNCE-MINTS" in commerce.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT

23. Paragraphs 1 through 22 are realleged and by this reference are incorporated into Count 1.

24. Defendants' use of the mark "ENGAGE-MINTS" and/or "ANNOUNCE-MINTS" alone or in combination with other words, in the marketing of its services and in the metadata of its website is an infringement of Plaintiff's registered trademarks for ENGAGEMINTS® and ANNOUNCEMINTS® in violation of Section 32 of the Lanham Act of 1946, 15 U.S.C. 1114, 1117.

25. Defendants will, if not enjoined by this Court, continue its acts of trademark infringement set forth above, which have caused and will continue to cause Plaintiff immediate and irreparable harm. Defendants' acts have damaged Plaintiff's business reputation and have impaired Plaintiff's goodwill in its trademarks.

26. Pursuant to Section 34 of the Lanham Act, 15 U.S.C. 1116, Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendants from using the

designation "ENGAGE-MINTS" and "ANNOUNCE-MINTS" in the advertising, marketing, metadata, or provision of Defendants' products.

27. As a result of Defendants' trademark infringement, Plaintiff has suffered damages, the exact amount of which Plaintiff has not yet been able to determine. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. 1117, Plaintiff is entitled to recover a judgment for damages not to exceed three times the amount of its actual damages, as shall be proved at trial, together with interest thereon, and for an amount equal to Defendants' profits derived from its unlawful and wrongful conduct.

## COUNT II

## FALSE DESIGNATION OF ORIGIN

28. Paragraphs 1 through 27 are realleged and by this reference are incorporated into Count II.

29. Defendants' use of the term "ENGAGE-MINTS" in its labeling, advertising, metadata, marketing, and provision of its goods for its own benefit, in such a fashion and design as to imitate Plaintiff's trademarks, constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a), on the grounds that it creates a likelihood of confusion among prospective purchasers, and further on the grounds that such usage induces, or is likely to induce, prospective purchasers and others to believe, contrary to the truth, that Defendants' products are made, approved by, sponsored, or otherwise connected in some way with Plaintiff or with Plaintiff's business.

30. Defendants' use of the terms "ENGAGE-MINTS" and "ANNOUNCE-MINTS" in the manner alleged above constitutes a false designation of origin of Defendants goods in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

31. Defendants will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation and false representation set forth above, which has caused, and will continue to cause, Plaintiff immediate and irreparable harm.

32. Pursuant to Section 34 of the Lanham Act, 15 U.S.C. 1116, Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendants from using "ENGAGE-MINTS" and "ANNOUNCE-MINTS" alone or in combination with other words or any other colorable imitations of Plaintiff's trademarks ENGAGEMINTS® and ANNOUNCEMINTS®, in the advertising, marketing, metadata, or sale of Defendants products.

33. As a result of Defendants' acts of unfair competition set forth above, Plaintiff has suffered damages, the exact amount of which Plaintiff has not yet been able to determine. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. 1117, Plaintiff is entitled to a judgment for damages not to exceed three times the amount of its actual damages, as shall be proved at trial, together with interest thereon, and for an amount equal to Defendants' profits derived from its unlawful and wrongful conduct.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

34. Paragraphs 1 through 33 are realleged and by this reference are incorporated into this Count III.

35. Plaintiff used the marks "ENGAGEMINTS" and "ANNOUNCEMINTS" long before Defendant first used the "ENGAGE-MINTS" or "ANNOUNCE-MINTS" marks.

36. Defendants use of the "ENGAGE-MINTS" and/or "ANNOUNCE-MINTS" marks infringes Plaintiff's ownership of the "ENGAGEMINTS" and "ANNOUNCEMINTS" marks and has and will continue to have the effect of causing confusion, mistake, or deception as to the source and origin of Defendants' products and to deceive the public by passing off Defendants' products as being manufactured, sponsored, or otherwise approved by or connected with Plaintiff.

37. Defendants' acts have damages Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its trademarks.

38. Unless enjoined by this Court, Defendants will continue acts of trademark infringement set forth above, thereby deceiving the public and causing Plaintiff immediate and irreparable harm and damage.

39. Plaintiff is entitled to an order of this Court enjoining Defendants from using the designation "ENGAGE-MINTS" and "ANNOUNCE-MINTS" in the advertising, marketing, metadata, or sale of its products or in any other way in connection with the conduct of its business.

40. Plaintiff is entitled to recover from the Defendants such damages, together with interest thereon, in an amount equal to Defendants' profits derived from its unlawful and wrongful conduct.

### COUNT IV
### COMMON LAW UNFAIR COMPETITION

41. Paragraphs 1 through 40 are realleged and by this reference are incorporated into Count IV.

42. The tendency and effect of Defendants' continued use of the mark "ENGAGE-MINTS" and/or "ANNOUNCE-MINTS" alone or in combination with other words, in the advertising, marketing, or metadata for its goods is to cause confusion, mistake, and deception as to the source or origin of Defendants" Products.

43. Defendants' acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its marks, and constitute common law unfair completion.

44. Unless enjoined by this Court, Defendants will continue their acts of unfair competition and trademark infringement, thereby deceiving and confusing the public and causing Plaintiff immediate and irreparable damage.

45. Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendants from using the designations "ENGAGE-MINTS" or "ANNOUNCE-MINTS" alone or in combination with other words or in any other colorable imitation of Plaintiff's marks, in Defendants' advertising, marketing, metadata, or sale of its goods.

46. As a result of Defendants' conduct set forth above, Plaintiff has suffered damages the exact amount of which has not been ascertained. Plaintiff is entitled to recover damages in an amount to be proved at trial, together with interest thereon.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

A. Issue an injunction in the form of a temporary restraining order or a preliminary injunction followed by a perpetual injunction restraining individual Defendants as well as their respective distributors, officers, agents, servants, successors and assigns from further infringement of Plaintiff's federally registered trademarks.

B. Order the destruction of all of Defendants' products incorporating Plaintiff's trademarks.

C. Enter judgment for actual profits and damages against Defendants, jointly and severally, for money damages.

D. Award to Plaintiff prejudgment interest and post-judgment interest.

E. Award reasonable attorney's fees to Plaintiff.

F. Award to Plaintiff any further relief as this Court shall deem appropriate.

Dated:  September 30, 2010							Respectfully submitted,

By: /s/ William E. Bradley
William E. Bradley, Esq.
VSB # 42623
Attorney for Plaintiff
MAZELMINTS, INC.

CAHN & SAMUELS, LLP
1100 17th Street, NW, Ste. 401
Washington, D.C.  20036
(202) 331-8777 Phone
(202) 331-3838 Fax
william.bradley@cahnsamuels.com

12